# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-

ARTHUR L. VANWINKLE,

    Defendant.

Case No. 3:07-cr-070
Also Case No. 3:08-cv-415

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 30). As with all cases under §§ 2254 and 2255, it has been referred to the undersigned United States Magistrate Judge pursuant to the Dayton location of court General Order of Assignment and Reference. It is before the Court for initial review under Rule 4 of the Rules Governing § 2255 cases.

The Motion avers that Defendant was convicted on one count of conspiracy to use unauthorized access devices and one count of unauthorized possession of device-making equipment and sentenced to sixty-three months concurrent confinement. Restitution of $151,156 was ordered, along with special assessments for the victims of crim e. Sentence was imposed January 17, 2008 (Doc. No. 26) and Judgment filed embodying the sentence on February 8, 2008 (Doc. No. 27). Defendant took no appeal.

Defendant pleads three Grounds for Relief:

> **Ground One:** The plea agreement was breech [sic] by the United
> States Government which increased my sentence illegally. This is

1

> not a withdrawal of plea. I am guilty 100%.
>
> **Supporting Facts:** Petitioner is "not" attempting to withdraw his plea, he is in fact guilty 100% of what he plea [sic] out too [sic]. But the government breeched [sic] the plea deal by finding facts "outside" the plea agreement. Which increased the Petitioner legal sentence by more than double in violation of law in *Booker/FanFan* Supreme Court case law.
>
> **Ground Two:** The leadership role enhancement and the (10) level enhancement for amount of loss is legally incorrect.
>
> **Supporting Facts:** Petitioner did not plea agree in plea agreement to amount of loss. The Probation Department, police officer, and prosecutors found amount of loss outside the plea agreement, in violation of *Booker/FanFan* Supreme Court caselaw.
>
> **Ground Three:** Forfeiture of Petitioner's property was illegally done and void as a matter of law.
>
> **Supporting Facts:** Petitioner indictment contains no forfeiture count from a Grand Jury, nor did the plea agreement. Hence, Petitioner did not agree to any forfeiture of property. Legally forfeiture is void bu morally/spiritually Petitioner will agree to the forfeiture as explained in attached brief as his [sic] is in fact guilty.

(Motion, Doc. No. 30, at 5.)

In the habeas corpus context (i.e., cases seeking collateral relief from state court judgments), the Supreme Court has held that a procedural default in presenting the case will bar its review in federal court on the merits. The doctrine has been stated by the Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000).

The procedural default analysis is fully applicable to §2255 motions. *United States v.*

*Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Kaufman v. United States*, 394 U.S. 217, 89 S. Ct. 1068, 22 L. Ed. 2d 227 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993). Persons convicted of federal crimes have a right to appeal to the appropriate circuit court of appeals and to seek review in the United States Supreme Court. Considering the efficiency of having all issues dealt with in one proceeding, the federal courts have encouraged use of direct review to the fullest possible extent. Yackle, POSTCONVICTION REMEDIES, §108 (1981). A motion to vacate under §2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 5th, §41.7(e)(2005), *citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*,* citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993). In particular, collateral review under §2255 is rarely if ever available to consider an asserted violation of the Sentencing Guidelines which could have been raised in the district court or on direct appeal. *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996).

All of the claims on which Defendant now seeks relief were fully available to him for appeal. They all rely on matters of record: the Plea Agreement (Doc. No. 17), the Judgment (Doc. No, 27), the evidence taken at the sentencing hearing (See Minutes, Doc. No. 26), and the Presentence Investigation Report (now attached as Exhibit 3 to Doc. No. 30, but prepared prior to sentencing in October, 2007). Petitioner offers no excuse why these claims were not presented on direct appeal to the Sixth Circuit.

**Conclusion**

Because all the Grounds for Relief in the § 2255 Motion are barred from merits consideration by Defendant's failure to present them on direct appeal, the Motion should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 18, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).