# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 3:07-cr-070
                                        Also Case No. 3:08-cv-415

                                        District Judge Walter Herbert Rice
   -vs-                                Magistrate Judge Michael R. Merz
                                  :

ARTHUR L. VANWINKLE,

        Defendant.

---

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's objections (entitled "Respond," Doc. No. 35) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 34) recommending that the Defendant's § 2255 Motion be denied with prejudice because all of the claims raised therein could have been, but were not, raised on direct appeal. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed. The case is also before the Court on Defendant's Emergency Addendum Issue (Doc. No. 36).

Defendant pled three Grounds for Relief in his § 2255 Motion:

> **Ground One:** The plea agreement was breech [sic] by the United States Government which increased my sentence illegally. This is not a withdrawal of plea. I am guilty 100%.
>
> **Supporting Facts:** Petitioner is "not" attempting to withdraw his plea, he is in fact guilty 100% of what he plea [sic] out too [sic]. But the government breeched [sic] the plea deal by finding facts "outside"
> the plea agreement. Which increased the Petitioner legal sentence by more than double in violation of law in *Booker/FanFan* Supreme

1

> Court case law.
>
> **Ground Two:** The leadership role enhancement and the (10) level enhancement for amount of loss is legally incorrect.
>
> **Supporting Facts:** Petitioner did not plea agree in plea agreement to amount of loss. The Probation Department, police officer, and prosecutors found amount of loss outside the plea agreement, in violation of *Booker/FanFan* Supreme Court caselaw.
>
> **Ground Three:** Forfeiture of Petitioner's property was illegally done and void as a matter of law.
>
> **Supporting Facts:** Petitioner indictment contains no forfeiture count from a Grand Jury, nor did the plea agreement. Hence, Petitioner did not agree to any forfeiture of property. Legally forfeiture is void but morally/spiritually Petitioner will agree to the forfeiture as explained in attached brief as his [sic] is in fact guilty.

(Motion, Doc. No. 30, at 5.)

In the original Report and Recommendations, the Magistrate Judge found all of these claims were procedurally defaulted because they could have been raised on direct appeal but were not. In his first set of Objections, Defendant attempted to excuse the procedural default by claiming ineffective assistance of counsel.

In the Supplemental Report and Recommendations, it was assumed that (1) a criminal defendant may appeal a Government breach of a plea agreement without withdrawing the plea, and (2) that failure of a defense attorney to advise a client of that right would constitute deficient performance by the lawyer. Notwithstanding those assumptions, there could be no ineffective assistance of counsel if there were no breaches of the Plea Agreement by the Government. The Supplemental Report then analyzed Defendant's claimed breaches of the Plea Agreement and found that it had not been breached.

Defendant's first objection to this conclusion is that the leadership role and possession of device-making equipment enhancements to his sentence were "not part of the plea deal. It was

found outside the Plea Agreement. Hence, cannot be legally used." (Respond,. Doc. No. 35, at 2.) Defendant's position seems to be that any sentencing factor which is to be used in imposing sentence must be a part of the Plea Agreement.

Defendant is correct that he did not agree in the Plea Agreement that he had a leadership role or that he possessed device-making equipment. However, he did agree that he understood the Probation Department would make a report under the Sentencing Guidelines which the Court would consider. (Plea Agreement, Doc. No. 17, ¶ 4.) At several points in the Plea Agreement, he acknowledged that Judge Rice could impose a sentence up to the statutory maximum, that sentencing was within the sole discretion of the District Judge, and that the judge could determine relevant factual matters at sentencing by a preponderance of the evidence. The Plea Agreement nowhere says that the Court cannot consider anything outside its four corners and the attached Statement of Facts in determining sentence.

In his second issue, Defendant claims he should not have been given an amount of loss enhancement of 10, but only of 8, which corresponds to the loss he admitted of $119,462. He also asserts he would have been able to prove this at an evidentiary hearing and it was ineffective assistance of his counsel not to seek such a hearing. The Presentence Investigation Report shows the Probation Department had gathered physical evidence showing a loss at 101 different Lowe's stores in six States of $141,692 (PSI, ¶ 19). Home Depot provided physical evidence of an additional $9,824. These two entities claimed additional losses of over $1 million but did not have physical evidence of it. Defendant makes no offer of what proof he would have had available to show a loss of less than $150,000. Moreover, if he had contested the amount, it would have been open to the prosecutor to offer other evidence from Lowe's and Home Depot which would have had the potential to enhance the sentence even further, although not over $1 million in loss, since that was stipulated as the limit on the amount of loss. Mr. Van Winkle has not shown any ineffective

assistance of counsel sufficient to excuse his failure to raise this issue on direct appeal.

As a second branch of his second issue, Defendant argues the loss should have been divided among him and his co-defendants. However, he offers no authority for that proposition. One of the counts of conviction was for conspiracy and the proof was that all three of the co-conspirators were active in carrying out the conspiracy. There is no legal warrant for dividing the loss among them.

In his third issue, Defendant claims all enhancements must be in the Plea Agreement and asks rhetorically if this isn't what is required by *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). As pointed out in the Supplemental Report and Recommendations, Booker does not eliminate post-plea fact-finding. See *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005); *United States v. Maken,* 2007 U.S. App. LEXIS 29793 (6th Cir. 2007); *United States v. Gates*, 461 F.3d 703, 708 (6th Cir.2006).

Defendant's fourth issue is that the forfeiture of seized property was illegal. As noted in the original Report, this issue is not cognizable in a § 2255 proceeding, which is solely concerned with whether a defendant has been unconstitutionally imprisoned.

In his Emergency Addendum, defendant raises a new claim, to wit, that this Court lacked subject matter jurisdiction to convict him because of a jurisdictional defect. The amendment is timely in that the statute of limitations has not run. Under Fed. R. Civ. P. 15, a party is entitled to amend once without leave of court before an answer is filed, and no answer has yet been ordered in this case.

Defendant relies on *United States v. Lutz*, 2008 U.S. Dist. LEXIS 76393 (N. D. Ohio 2008)(Zouhary, J.) *Lutz* involved a scheme to generate false UPC labels for merchandise. The defendant there would generate the false label at a low price, remove the false label after leaving the store, then return the item for credit at the regular (higher) price. Lutz was convicted under 18 U.S.C. § 1029 of knowing use of a counterfeit access device. Judge Zouhary concluded that use of

4

a false UPC label did not give the user access to an "account" between the vendor and some other person and thus did not come within § 1029. Moreover, since this interpretation meant that the bill of information to which Lutz pled did not charge an offense, he was actually innocent, thereby excusing his failure to raise the claim on appeal.

Judge Zouhary's decision in *Lutz* is not binding precedent in this Court; the Northern District of Ohio is a sister court, not a court exercising appellate jurisdiction over this Court. *Lutz* is entitled only to such persuasive weight as its reasoning may command. For the following reasons, the Magistrate Judge disagrees with Judge Zouhary's conclusion.[1] As the Lutz court concedes, the Sixth Circuit has never decided whether a fraudulent UPC is an "access device" and has construed "account" broadly. *Lutz* at *8, citing *United States v. Ashe,* 47 F.3d 770 (6th Cir. 1995). In *Lutz* as in this case, the scheme involved defendants obtaining merchandise gift or merchandise credit cards upon return of the merchandise originally obtained with the false UPC (See PSI at ¶¶ 13, 17). Judge Zouhary argued "At most, the gift card may have created -- not accessed -- a fraudulent account between Lutz and Wal-Mart." *Id*. at *14. However, that misses what happens when the gift (merchandise credit) card is used after being obtained: when the thief obtains cash or merchandise for the gift card, he or she certainly "accesses" the account he has created with the vendor by using the false UPC in the first place. Moreover, that is an essential part of the scheme; there would be no profit to the thief nor loss to the vendor if the merchandise credit cards were never used.

In sum, Defendant's added claim is without merit.

**Conclusion**

---

[1] Judge Zouhary is correct, however, in holding that a claim of actual innocence grounded in failure of the information or indictment to charge a crime is properly raised in a § 2255 proceeding. *See In re Hanserd*, 123 F.3d 922 (6th Cir. 1997).

On the basis of the foregoing analysis, it is again respectfully recommended that the Motion to Vacate be denied with prejudice.

December 31, 2008.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).